IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2006 MAY 24 AM 8: 57
CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| JOHN FREDDY RINCON CASTRILLON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 306-30 |
| ) | |
| MICHAEL PUGH, Warden, ) | |
| IMMIGRATION AND ) | |
| CUSTOMS ENFORCEMENT, ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, has filed a petition under Title 28, United States Code, Section 2241. Petitioner appears to contend that a 1996 revision to the Immigration and Nationality Act, § 212 (c), codified at Title 8, United States Code, Section 1182(c), should not be applied retroactively in his case. The Court has separately ordered respondents to answer the petition.

Petitioner has named Michael Pugh, Warden of MCF, as a party respondent. While a prison warden may be an appropriate party respondent in cases where prison conditions or the length of a petitioner's present confinement are being challenged, the Court does not find the MCF Warden to be an appropriate respondent in this case. Petitioner here is not challenging the conditions of his present confinement or the length of his present confinement. He instead is challenging the potentiality of deportation after his sentence has

been served.[1]  In such a case, the federal agency responsible for his deportation, which appears to be the office of the United States Immigration and Customs Enforcement ("ICE"), should be the proper party respondent.[2]  Accordingly, the Court recommends that Respondent Pugh be **DISMISSED** from this case.[3]

SO REPORTED and RECOMMENDED this 24th day of May, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner is due to be released from the custody of the Bureau of Prisons on March 14, 2007.

[2] The Court notes that despite the fact that petitioner is not yet in ICE custody, this action may nevertheless be ripe for disposition. At least one court has so held under similar circumstances. Edwards v. Immigration and Naturalization Service, 393 F.3d 299, 306 (2d Cir. 2004). But see Belasco v. Snyder, 2000 WL 227990 (8th Cir. Feb. 15, 2000) (unpublished opinion) (finding case not ripe where petitioner not yet in INS custody). For now, the Court reserves judgment on the ripeness of this case.

[3] If the District Judge does not adopt this Report and Recommendation, Respondent Pugh's time for responding to this petition will commence on the date the Report and Recommendation is vacated. The time for ICE to respond is not impacted by any actions pending with respect to this Report and Recommendation.