ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2006 SEP 14 PM 3: 30

DUBLIN DIVISION

CLERK
SO. DIST. OF GA.

| | | |
|---|---|---|
| JOHN FREDDY RINCON CASTRILLON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 306-30 |
| | ) | |
| IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) | |
| | ) | |
| Respondent. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner, an inmate incarcerated at McRae Correctional Facility in McRae, Georgia, has filed a petition under 28 U.S.C. § 2241. For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

**I.     BACKGROUND**

Petitioner, a Colombian citizen, is currently serving a 41-month sentence imposed by the United States District Court for the Southern District of Florida following his guilty plea and subsequent conviction for illegal reentry of a previously deported alien, in violation of 8 U.S.C. § 1326(a). See United States v. Ricon-Castrillon, CR 04-20050, doc. no.12, Exh. J (S.D. Fla. Aug. 10, 2004). In 1981, Petitioner legally entered the United States as a non-immigrant visitor for pleasure. (Doc. no. 12 at Exh. A). In 1988, he was convicted in a

Florida state court of trafficking in cocaine, in violation of Florida Statute § 893.135. (Id. at Exh. B). Two years later, an immigration judge found Petitioner deportable, and Petitioner was subsequently deported to Colombia in 1994. (Id. at Exhs. C, E).

In 2003, while in Bogota, Colombia, Petitioner applied for an immigrant visa to the United States, wherein he responded "no" to a question asking whether he had ever been an illicit trafficker of a controlled substance. (Id. at Exh. G). The United States Embassy in Bogota subsequently granted Petitioner's application, and Petitioner thereafter entered the United States. (Id.). Upon his arrival, Customs and Border Patrol officials inspected Petitioner's file and discovered that he had not been granted permission to enter the United States after having been deported. (Id. at Exh. H). Thereafter, Petitioner was arrested, and in 2004, he was convicted of illegal reentry. (Id. at Exh. J). Petitioner was sentenced to 41-months' imprisonment with the special condition that following the expiration of his sentence, Petitioner should be surrendered to Immigration and Customs Enforcement ("ICE") for removal proceedings. (Id.). After sentencing but before Petitioner's sentence expired, Petitioner was placed in removal proceedings. However, in April 2004, the removal proceedings were terminated because ICE failed to respond to Petitioner's motion to terminate. (Id. at Exh. I).

Petitioner now has filed a habeas petition, pursuant to 28 U.S.C. § 2241, wherein he challenges his (1) 1994 removal, (2) current removal, and (3) 2004 conviction for illegal reentry, while also requesting cancellation of removal under the Immigration and Nationality Act ("INA") § 240A(a), codified at 8 U.S.C. § 1229b(a), or in the alternative, a waiver under

§ 240A and INA § 212(h)[1], codified at 8 U.S.C. § 1182. (Doc. no. 1, pp. 1-2, 4-5, 8-20). In response, Respondent filed a motion to dismiss, wherein it argues that under section 106(a)(5) of the REAL ID Act of 2005[2], H.R. 1268, 109th Cong. (2005), Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("REAL ID Act"), this Court lacks jurisdiction to review Petitioner's § 2241 habeas petition.

## II. DISCUSSION

### A. Removal, Cancellation of Removal, and Waiver

In his § 2241 petition, Petitioner challenges his 1994 and current removal, and also requests cancellation of removal and/or a waiver. The REAL ID Act amended the judicial review provisions of 8 U.S.C. § 1252 to provide that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act [which includes] habeas corpus review pursuant to section 2241 of title 28, United States Code." 8 U.S.C. § 1252(a)(5); see also Balogun v. U.S. Attorney Gen., 425 F.3d 1356, 1360 (11th Cir. 2005).

To the extent that Petitioner is challenging his 1994 removal and requests cancellation of removal and/or a waiver, § 1252 plainly divests this Court of any jurisdiction

---

[1] Petitioner indicates that he wants a waiver under § 212(c); however, § 212(c) has been repealed. See INA § 212(c), 8 U.S.C. § 1182(c). The waiver provision as related to criminal convictions is located at INA § 212(h), 8 U.S.C. § 1182(h).

[2] The actual name of the Act is the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005;" however, it is more commonly known and referred to as the REAL ID Act.

3

to entertain these claims. See 8 U.S.C. § 1252(a)(5); see also Balogun, 425 F.3d at 1360.[3] Moreover, to the extent that Petitioner challenges his current removal relating to his conviction for illegal reentry, he is not currently in removal proceedings and is not subject to a final order of removal.

### B.     2004 Conviction

Additionally, Petitioner also raises a claim relating to his 2004 conviction for illegal reentry and challenges his current removal on the basis of the district court's special sentencing condition. Although a federal prisoner may resort to § 2241 to challenge the execution of his sentence by the Federal Bureau of Prisons, Petitioner is instead challenging the fundamental validity of his sentence, not its execution. Such claims are properly brought in a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255, ¶ 1. Section 2255 motions must be filed in the court of conviction--here, the Southern District of Florida. Id. Thus, this Court lacks jurisdiction to grant Petitioner the relief he requests. See, e.g., United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990).

---

[3] It should also be recognized that, to the extent Petitioner is challenging the validity of his 1994 deportation, his challenge is untimely. See 8 U.S.C. § 1252(b)(1) (petition for review of final order of removal must be filed within "30 days after the date of the final order of removal"). Section 1252(b)(1)'s time limit is jurisdictional. See Stone v. INS, 514 U.S. 386, 405 (1995) (interpreting predecessor statute).
    Moreover, under 8 U.S.C. § 1231(a)(5), when an alien illegally reenters the United States, the alien's prior removal order is reinstated. Section 1231(a)(5) provides that the reinstated removal order is "not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this Act, and the alien shall be removed under the prior order at any time after the reentry." Thus § 1231(a)(5) precludes Petitioner from challenging his prior removal order or applying for cancellation of removal or a waiver. See Guijosa De Sandoval v. U.S. Attorney Gen., 440 F.3d 1276, 1279 (11th Cir. 2006).

4

Furthermore, a federal prisoner may resort to § 2241 upon a showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255, ¶ 5, see also Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per curiam*) (discussing applicability of § 2255's "savings clause"). Petitioner has made no attempt to argue that he is entitled to invoke the so-called "savings clause" of § 2255; nor does any reason to suppose that Petitioner is entitled to proceed under § 2241 leap out of his petition. Therefore, Petitioner is not entitled to relief.

### III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 14th day of September, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE